Filed 4/8/14  Sparks v. Yahoo CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| PHILLIP GORDON SPARKS, | B250555 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC118884) |
| v. | |
| YAHOO! INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Allan J. Goodman, Judge.  Affirmed.

Phillip Gordon Sparks, in pro. per., for Plaintiff and Appellant.

Kilpatrick Townsend & Stockton, Dennis L. Wilson and Christopher T. Varas for Defendant and Respondent.

_____

Appellant Phillip Gordon Sparks (Sparks) appeals the trial court's order granting respondent Yahoo! Inc.'s (Yahoo) special motion to strike his first amended complaint (FAC) pursuant to Code of Civil Procedure section 425.16,[1] California's anti-SLAPP[2] statute. For both procedural and substantive reasons, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

*Restraining Order Against Sparks*

Sparks's action against Yahoo relates to two news articles that reported on the entry of a restraining order against Sparks in the matter of *Crow v. Sparks*, case No. SS022509 in the California Superior Court for the County of Los Angeles (the *Crow* proceeding). The *Crow* proceeding involved a request by entertainer Sheryl Crow and film executive Harvey Weinstein (collectively petitioners) for a restraining order against Sparks. During the hearing on petitioners' request on August 14, 2012, petitioners presented expert opinion testimony from a forensic and clinical psychiatrist and addictionologist named Dr. David Glaser. Dr. Glaser testified that it was his opinion that Sparks "present[ed] a clear and present danger to Ms. Crow" and Mr. Weinstein. He further testified that Sparks was "imminently dangerous" to petitioners. And, Dr. Glaser testified that "Mr. Sparks [was] unambiguously delusional, and his delusions and his delusional web . . . pulled Ms. Crow and Mr. Weinstein into it." Sparks was given the opportunity to cross-examine Dr. Glaser during the hearing.

At the conclusion of the hearing, the trial court entered the requested protective order with Sparks's consent.

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]     SLAPP is an acronym for strategic lawsuit against public participation. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 813, overruled in part on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.)

*Media Coverage of the Restraining Order*

The issuance of the protective order was reported in various news outlets, including two articles that appeared on Yahoo news-related sites. The first article, which was originally published by the Associated Press with a dateline of August 14, 2012, and was subsequently posted on music.yahoo.com, quoted Dr. Glaser's testimony that Sparks was "imminently dangerous" and his testimony that "Sparks is unambiguously delusional." The second article, which appeared on Yahoo! News India with a dateline of August 14, 2012, quoted Dr. Glaser's testimony that Sparks was "dangerous." Both articles attributed the quoted testimony to Dr. Glaser and reported both his testimony and the outcome of the hearing.

*Procedural Background*

On October 29, 2012, Sparks initiated this action against Yahoo. His FAC, the operative pleading, alleges a single cause of action for defamation against Yahoo.

Yahoo responded to the FAC with an anti-SLAPP motion. Yahoo argued its news articles were about matters of public interest and thus constituted protected speech. Moreover, Sparks could not demonstrate a probability of prevailing because (1) the articles were privileged reports of statements made in the course of a judicial proceeding, and (2) they were truthful reports of the hearing at which the restraining order was issued.

Sparks did not oppose the anti-SLAPP motion.

*Sparks's Motion for Leave to File a Second Amended Complaint (SAC)*

While Yahoo's anti-SLAPP motion was pending, Sparks filed a motion for leave to file a SAC. Three months later, while the anti-SLAPP motion and Sparks's motion for leave were pending, Sparks filed a proposed SAC.

Yahoo opposed Sparks's motion for leave to file the SAC on the grounds that its pending anti-SLAPP motion foreclosed the possibility of amendment.

*Trial Court Order; Judgment; Appeal*

On July 17, 2013, the trial court denied Sparks's motion for leave to file the SAC and struck the proposed SAC. Concurrently, the trial court granted Yahoo's anti-SLAPP motion, reasoning that Sparks's claim against Yahoo arose from constitutionally

protected conduct and that Sparks had not demonstrated a probability of prevailing, primarily because he did not oppose Yahoo's motion.

Judgment was entered in favor of Yahoo, and Sparks's timely appeal ensued.

## DISCUSSION

In addressing an appeal, we begin with the presumption that a judgment or order of the trial court is presumed correct, and reversible error must be affirmatively shown. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant must "present argument and authority on each point made" (*County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591; Cal. Rules of Court, rule 8.204(a)(1)(B)) and cite to the record to direct the reviewing court to the pertinent evidence or other matters in the record that demonstrate reversible error (Cal. Rules of Court, rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115). It is not our responsibility to comb the appellate record for facts, or to conduct legal research in search of authority, to support the contentions on appeal. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) If the appellant fails to cite to the record or relevant authority, we may treat the issue as waived. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546.)

Moreover, Sparks's election to act as his own attorney on appeal does not entitle him to any leniency as to the rules of practice and procedure; otherwise, ignorance is unjustly rewarded. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Lombardi v. Citizens Nat. Trust Etc. Bank* (1955) 137 Cal.App.2d 206, 208–209; *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Quite simply, Sparks did not meet his burden on appeal. He seeks reversal of an anti-SLAPP motion on the grounds that errors were made in the *Crow* proceeding—Dr. Glaser was not qualified to testify as an expert; Sparks never threatened to shoot petitioners; and Weinstein testified falsely. Aside from the fact that Sparks does not offer record citations to support his various contentions, we are not reviewing the propriety of the restraining order issued in the *Crow* proceeding. And, because Sparks fails to explain

4

why these alleged errors compel reversal of the trial court order granting Yahoo's anti-SLAPP motion in this action, we need not consider them. "[F]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

Our analysis could stop here.

For the sake of completeness, we examine Yahoo's anti-SLAPP motion de novo and conclude that it was rightly granted. (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 929.)

"A SLAPP is a civil lawsuit that is aimed at preventing citizens from exercising their political rights or punishing those who have done so." (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 21.) "In 1992, out of concern over 'a disturbing increase' in these types of lawsuits, the Legislature enacted section 425.16, the anti-SLAPP statute." (*Ibid.*; see § 425.16, subd. (a).) Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." The statute "posits . . . a two-step process for determining whether an action is a SLAPP." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.) First, the defendant bringing the special motion to strike must make a prima facie showing that the anti-SLAPP statute applies to the claims that are the subject of the motion. (*Wilcox v. Superior Court*, *supra*, 27 Cal.App.4th at p. 819.) Once a moving defendant has met its burden, the motion will be granted (and the claims stricken) unless the court determines that the plaintiff has established a probability of prevailing on the claim. (*DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 567–568.)

Section 425.16, subdivision (e), provides: "As used in this section, 'an act in furtherance of a person's right of petition or free speech under the United States or

5

California Constitution in connection with a public issue' includes:  (1) any written or oral statement or writing made before a . . . judicial proceeding . . . , (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, [or] (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest."

News reporting is the quintessential example of "free speech," and, consequently, the news articles at issue qualify as protected speech under all three of these independent standards.  (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 864, criticized on other grounds in *Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 477.)  The arguments raised above have no bearing on whether Yahoo is liable for defamation for publishing news articles about what occurred in the *Crow* proceeding.

Insofar as Sparks's claim arises from constitutionally protected articles, the burden shifted in the trial court to Sparks to establish a probability of prevailing on his defamation action.  (§ 425.16, subd. (b).)  By failing to oppose Yahoo's motion, he *a fortiori* did not do so.  And, as the trial court recognized, he could not have done so under any circumstances because the articles were privileged pursuant to Civil Code section 47, subdivision (d)(1).  (*Hawran v. Hixson* (2012) 209 Cal.App.4th 256, 278.)

Civil Code section 47, subdivision (d)(1), defines a "privileged publication" to include "a fair and true report in, or a communication to, a public journal, of (A) a judicial . . .  proceeding, or (D) of anything said in the course thereof."  The Yahoo articles at issue here fall squarely within the scope of that definition.  While Sparks asserts that Yahoo deliberately "left out . . . key elements" of the "Court Report," "to purposely make a false impression to the public . . . that . . . Sparks is guilty of emotional mental problems, negative traits and a dangerous ambiguously dangerous stalker," he offers no evidence or case citations in support of this assertion.

**DISPOSITION**

The order granting the anti-SLAPP motion is affirmed. Yahoo is entitled to recover attorney fees and costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
                   ASHMANN-GERST


We concur:


_____, P. J.
     BOREN


_____, J.
     CHAVEZ

7