[Civ. No. 5797. Third Appellate District.—January 8, 1937.]

JOHN GRAY, Petitioner, v. JUSTICE'S COURT OF WILLIAMS JUDICIAL TOWNSHIP, etc., et al., Respondents.

John Gray, *in pro. per.*, for Petitioner.

Ralph W. Rutledge, District Attorney, for Respondents.

Gilford G. Rowland as *Amicus Curiae* on Behalf of Respondents.

PLUMMER, J.—On the 6th day of November, 1936, a complaint was filed in the above-mentioned justice's court, charging the petitioner with the unlawful practice of the law. The complaint is in two counts, as follows, to wit:

### "COUNT #1.

"That said John Gray, on or about the 26th day of August, 1936, in the Williams Judicial Township, County of Colusa, State of California, who, not being an active member of the State Bar of California, and in violation of Sections 47 and 49 of the State Bar Act of the State of California, (Stats. 1927, p. 38), did wilfully and unlawfully engage in the practice of law as follows, to-wit: Said John Gray did render and perform legal services in a court of justice, in a matter pending therein, throughout its various stages, and in conformity with adopted rules of procedure, in this; Said John Gray filed and signed pleadings in that certain action entitled: 'People of the State of California vs. C. I. Graham', heard before Hon. George B. Reckers, justice of the peace of Williams Judicial Township, County of Colusa, State of California, on the day above named; that said John Gray directed that his name be entered as an attorney of record in said action; that said John Gray appeared at the trial of said cause, examined and cross-examined witnesses; that said John Gray argued said cause to the jury; that said John Gray otherwise actively participated in the conduct of said trial, its preparation, the hearing, and proceedings after trial; and otherwise acting for and on behalf of the defendant in said above-mentioned action, all of which is contrary to the statutes in such cases made and provided, and against the peace and dignity of the People of the State of California.

### "COUNT #2.

"That said John Gray, on or about the 28th day of October, 1936, in the Williams Judicial Township, County of

Colusa, State of California, who, not being an active member of the State Bar of California as defined in the State Bar Act, and in violation of Sections 47 and 49 of the State Bar Act of California (Stats. 1927, p. 38), did wilfully and unlawfully engage in the practice of law as follows, to-wit: Said John Gray did render and perform legal services in a court of justice, in a matter pending therein, throughout its various stages, and in conformity with adopted rules of procedure in this: Said John Gray submitted and proposed instructions to the jury in that certain action entitled, 'People of the State of California vs. C. I. Graham', heard before Hon. George B. Reckers, justice of the peace of the Williams Judicial Township, County of Colusa, State of California, on the day above named; that said John Gray directed that his name be entered as attorney of record in said action; that said John Gray appeared at the trial of the case, examined and cross-examined witnesses; that said John Gray argued said cause to the jury; that said John Gray otherwise actively participated in the conduct of the trial; and otherwise acted for and on behalf of the defendant in said above mentioned action; all of which is contrary to the statutes in such cases made and provided, and against the peace and dignity of the People of the State of California.''

Thereafter, upon application to this court, a writ of prohibition and alternative order was issued, and as well, a temporary restraining order prohibiting the further prosecution of such action until the plaintiff's application for a writ of prohibition should be heard and determined.

Upon the hearing of the foregoing mentioned petition, it was suggested that the writ of prohibition would not lie. For the reasons hereinafter stated this question need not be determined.

The Supreme Court, in the case of *State Bar of California* v. *Superior Court,* 207 Cal. 323 [278 Pac. 432], adopted the language which appears in the case of *Eley* v. *Miller,* 7 Ind. App. 529 [34 N. E. 836], defining the practice of law as follows: ''As the term is generally understood, the 'practice' of the law is the doing or performing services in a court of justice, in any matter pending therein, throughout its various stages, and in conformity to the adopted rules of procedure. But in a larger sense it includes legal

advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured, although such matters may or may not be pending in a court.'' Other cases might be cited, but this decision determines sufficiently what constitutes the practice of law in the state of California.

The petitioner relies upon section 842 and section 96 of the Code of Civil Procedure, wherein it is provided that certain persons may appear and practice as attorneys at law in justices' courts. However, in 1933 the legislature repealed both the said sections, leaving only the definitions as to who may practice law as specified in section 47 of the State Bar Act. That section reads: ''No person shall practice law in this state subsequent to the first meeting of the State Bar, unless he shall be an active member thereof, as hereinbefore defined.'' Section 49 of the same act fixes a penalty for unlawfully practicing law.

The inhibition of anyone to practice law in justices' courts, and the repeal of the sections which we have referred to, doubtless came about by reason of the increased jurisdiction given to certain justices' courts which necessitated a better understanding of the law by those who appeared in behalf of others. It will be observed that the privilege of practicing law is confined to appearing in behalf of others. The right of one to appear and conduct his own case is not affected. One is a privilege and the other is a right. In order to be allowed to exercise the privilege, it is necessary for one to have the qualifications prescribed by the State Bar Act. The complaint in this case shows clearly the lack of qualification on the part of the petitioner, and if the facts therein are established by competent testimony, the petitioner will have been shown as practicing law without the necessary legal qualifications and in violation of the provisions of the State Bar Act.

Other questions are presented for consideration, but the foregoing is determinative of this cause.

It follows that the writ of prohibition prayed for is denied, and the temporary restraining order heretofore issued is vacated and set aside.

Thompson, J., and Pullen, P. J., concurred.