[Civ. No. 21132.   Second Dist., Div. Two.   Nov. 22, 1955.]

JESSE A. LOMBARDI, Appellant, v. CITIZENS NATIONAL TRUST AND SAVINGS BANK OF LOS ANGELES (a National Banking Association), as Executor, etc., Respondent.

Littlejohn & Callister, Roy Littlejohn and E. Talbot Callister for Appellant.

Allan L. Leonard and Iverson & Hogoboom for Respondent.

FOX, J.—This is an appeal by plaintiff from an order and judgment of nonsuit.

Plaintiff brought this action against the executor of the estate of Minnie B. Hutchin, deceased, to recover on a rejected claim. He alleged that on or about April 8, 1938, Minnie B. Hutchin executed and delivered to him an instrument in writing wherein she acknowledged that for a valuable consideration she was indebted to him in the amount of $25,000 and agreed to pay such sum to plaintiff and authorized and directed her executor to pay the same to plaintiff. There was attached to the complaint a copy of a letter purportedly signed by the decedent containing the alleged promise and direction to pay.

Defendant denied the allegations of the complaint and particularly that decedent had executed or delivered to plaintiff the letter in question. Defendant also charged that the signature on the document had been obtained upon a blank piece of paper by means of fraud and concealment and without the knowledge of the decedent, or by means of fraud and fraudulent representations on the part of plaintiff.

At the trial, plaintiff, appearing in propria persona, took the witness stand in his own behalf. Counsel for defendant advised the court he would insist upon the examination proceeding by question and answer because he intended to invoke the protection of section 1880, subdivision 3,* Code

---

*Section 1880, Code of Civil Procedure, reads in part: "The following persons cannot be witnesses: . . . 3. Parties or assignors of parties to

of Civil Procedure, as to any matter occurring before the decedent's death. Thereupon the following transpired:

"Mr. Lombardi: I offer this letter from Minnie B. Hutchin which is the basis of my claim.

"Mr. Leonard: I object to the tender on the ground that there is no proof that that is the signature of Minnie B. Hutchin and we object to Mr. Lombardi's testimony in that regard and move to strike.

"The Court: That part may go out. You will have to lay your foundation for the introduction of the document.

"Mr. Lombardi: I can prove the signature by other documents.

"The Court: You will have to present evidence.

"Mr. Lombardi: I offer a report of Clark Sellers covering the examination of that document and three other documents where he reports it is her signature. May I offer this?

"Mr. Leonard: Object to it on the ground that no proper foundation has been laid and it is hearsay.

"The Court: Sustained.

"Mr. Lombardi: I don't know what to do.

"The Court: I can't tell you. I am trying the case, I am not an attorney to advise you.

"Mr. Lombardi: I don't know how to lay my foundation that it is her signature.

"The Court: You will have to proceed or not proceed, that is all. I cannot help you on that.

"Mr. Lombardi: That is all I had to offer.

"Mr. Leonard: At this time, your Honor, we move for a nonsuit on the ground of failure of proof."

The court granted the motion and judgment was accordingly entered.

The gravamen of plaintiff's appeal is that the trial judge failed to lend him any assistance in the presentation of his evidence and as a consequence he was unable to get his evidence before the court. We find no justification for a reversal.

A litigant has a right to act as his own attorney (*Gray* v. *Justice's Court*, 18 Cal.App.2d 420 [63 P.2d 1160]) "but, in so doing, should be restricted to the same rules of evidence and procedure as is required of those qualified to practice law before our courts; otherwise, ignorance is un-

an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."

justly rewarded." (*Knapp* v. *Fleming*, 127 Colo. 414 [258 P.2d 489]; *Monastero* v. *Los Angeles Transit Co.*, 131 Cal. App.2d 156, 160-161 [280 P.2d 187].) The Supreme Court of Arizona, in *Ackerman* v. *Southern Arizona Bank & Trust Co.*, 39 Ariz. 484 [7 P.2d 944], stated the principle in this language: "A layman with resources who insists upon exercising the privilege of representing himself must expect and receive the same treatment as if represented by an attorney—no different, no better, no worse." To that same effect is *Biggs* v. *Spader*, 411 Ill. 42 [103 N.E.2d 104]. ■ The fact that a layman elects to represent himself "certainly does not excuse him from a failure of proof" of his cause of action. (*Pete* v. *Henderson*, 124 Cal.App.2d 487, 491 [269 P.2d 78].)

■ Applying these principles to the proceeding at hand, it is clear plaintiff received the decision to which he was entitled, namely, a nonsuit, since he did not establish any element of his case. But, he argues, the judge knew he was a layman unlearned in legal procedure and the technical rules of evidence, therefore he should have helped him out. That would have been an unjust reward for ignorance, as the Supreme Court of Colorado pointed out in the Knapp case, *supra*. Plaintiff was not entitled "to capitalize" on his own ignorance. (*Monastero* v. *Los Angeles Transit Co.*, *supra*.)

■ It is the duty of a trial judge to see that a cause is not defeated by "mere inadvertence" (*Hellings* v. *Wright*, 29 Cal.App. 649 [156 P. 365]) or by "want of attention" (*Bare* v. *Parker*, 51 Cal.App. 106 [196 P. 280]) and "to call attention to omissions in the evidence or defects in the pleadings" which are likely to result in a decision other than on the merits (*Farrar* v. *Farrar*, 41 Cal.App. 452 [182 P. 989]) and "within reasonable limits" by proper questions "to clearly bring out the facts so that the important functions of his office may be fairly and justly performed" (*Estate of Dupont*, 60 Cal.App.2d 276 [140 P.2d 866]). He is not, however, required to act as counsel for a litigant in the presentation of his evidence. That is virtually what plaintiff insists the trial judge should have done for him. Claims against an estate are not easily proved where the "dead man's statute" is involved. The rules of evidence in such matters are somewhat technical, and designedly so, in order to protect estates against spurious demands. (*Warren* v. *Nair*, 102 Cal.App.2d 298, 300 [227 P.2d 515].) This case presented difficulty of proof for issues were made not only as to the genuineness of decedent's signature to the document

in question and the manner in which it was procured but also as to the circumstances under which it was delivered to plaintiff by her, if in fact any delivery was ever made. To explain section 1880, subdivision 3, Code of Civil Procedure, and the decisions construing it to a layman so that he could understand and apply them in the presentation of evidence in a suit on a transaction had with a deceased person, is to forget the difficulty that even some members of the legal profession have in properly presenting competent evidence to prove claims against estates in these circumstances. Such an undertaking would undoubtedly prove abortive and a waste of time. Also, it might well take from the proceeding the appearance of objectivity and impartiality which are so important to public confidence in the administration of justice. This is not a case where a few suggestions on the part of the trial judge would have solved plaintiff's difficulty. Had it been such, the trial judge would undoubtedly have followed the customary practice and offered appropriate suggestions.

Plaintiff takes the position that because the trial judge failed to assist him in the presentation of his evidence he "was unnecessarily and arbitrarily deprived of a fair and just trial on the merits of his case." The obvious answer is that he, and not the trial judge, is responsible for his present plight. If plaintiff had a legitimate claim against this estate for $25,000 it would have been an easy matter to employ competent counsel to represent him in the trial court as he has now done at this late date on appeal.

Plaintiff relies on *Miller* v. *Republic Grocery, Inc.,* 110 Cal.App.2d 187 [242 P.2d 396]. That was a suit on a promissory note. Due "to an oversight" the allegation as to the assignment of the note was omitted from the complaint. When the assignment was offered in evidence objection was made and sustained on the ground it was not within the issues. Counsel did not ask leave to amend his complaint. The nonsuit followed. Plaintiff later made a motion under section 473, Code of Civil Procedure, to set aside the judgment of nonsuit, to reopen the case and for permission to file an amended complaint. The motion was denied. On appeal it was held that it was an abuse of discretion to deny the motion. That was obviously a very different situation from the one at bar. In the Miller case, a suggestion by the trial judge that the complaint be amended to allege the assignment was all that was required and such a suggestion should have been made. Here, however, the trial judge is called upon to perform a dual role: (1) to assist and advise the plaintiff in the

presentation of his evidence, and then (2) to pass upon its admissibility and weight. In view of the intricacies involved in the problems here presented this is an undue burden to place upon him and he should not be expected or required to assume it.

It is not necessary to consider other questions discussed in the briefs.

The judgment and order are affirmed.

McComb, Acting P. J., and Ashburn, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 18, 1956. McComb, J., did not participate therein.

*Assigned by Chairman of Judicial Council.