Filed 3/4/14  McClain v. Wells Fargo Bank CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| NATTINEQUE A. McCLAIN, | B244978 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC450586) |
| v. | |
| WELLS FARGO BANK, N.A. et al., | |
| Defendants and Respondents. | |

APPEAL from an order and judgment of the Superior Court of Los Angeles County.  David L. Minning, Judge.  Affirmed.

Nattineque A. McClain, in pro. per., for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton, Erik W. Kemp, Elizabeth H. Andrews and Kerry Franich for Defendants and Respondents.

_____

Appellant Nattineque A. McClain (McClain) appeals the trial court's order sustaining the demurrer of defendants and respondents Wells Fargo Bank, N.A. (Wells Fargo) and HSBC Bank USA, N.A. (HSBC) to McClain's second amended complaint (SAC). She also challenges "whether a writ of mandamus should issue for the denial of the 'leave to amend.'" Because McClain has not met her burden on appeal, we conclude that the trial court properly entered judgment in favor of respondents. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As discussed below, McClain did not provide us with an adequate record from which we could discern the underlying facts. In order to provide context to this appeal, we offer the following brief summary based upon what limited information was provided to us:

*Factual Background*

In September 2005, McClain obtained a $375,000 refinance loan from Wells Fargo. To secure the loan, she signed a deed of trust encumbering her residence in Los Angeles.

Wells Fargo assigned its beneficial interest in the deed of trust to HSBC as trustee.

McClain defaulted. A notice of default was recorded against the property in July 2008. By that time, the loan was over $57,000 in arrears. At a duly noticed trustee's sale held in July 2009, HSBC purchased the property.

*Procedural Background*

On December 3, 2010, McClain filed her initial complaint against Wells Fargo and HSBC in this action.

Later, McClain filed a second amended complaint. Wells Fargo and HSBC demurred to that pleading, and the trial court sustained their demurrer without leave to amend. A judgment of dismissal was entered, and McClain timely filed a notice of appeal.

2

## DISCUSSION

In addressing an appeal, we begin with the presumption that a judgment or order of the trial court is presumed correct, and reversible error must be affirmatively shown by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant must "present argument and authority on each point made" (*County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591; Cal. Rules of Court, rule 8.204(a)(1)(B)) and cite to the record to direct the reviewing court to the pertinent evidence or other matters in the record that demonstrate reversible error (Cal. Rules of Court, rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115). It is not our responsibility to comb the appellate record for facts, or to conduct legal research in search of authority, to support the contentions on appeal. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) An appellant's "[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]. [Citation.]" (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) If the appellant fails to cite to the record or relevant authority, we may treat the issue as waived. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546.)

Moreover, McClain's election to act as her own attorney on appeal does not entitle her to any leniency as to the rules of practice and procedure; otherwise, ignorance is unjustly rewarded. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Lombardi v. Citizens Nat. Trust Etc. Bank* (1955) 137 Cal.App.2d 206, 208–209; *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

The appellate record supplied by McClain is woefully inadequate. It is limited to a case summary, a codefendant's notice of demurrer and demurrer, two requests for judicial notice, notice of entry of the trial court's order sustaining respondents' demurrer, McClain's notice of appeal, and her notice designating the record on appeal. Although she is asking us to evaluate the trial court's order sustaining respondents' demurrer to her SAC, she neglected to provide us with a copy of that pleading (or any pleading), a copy

3

of respondents' demurrer, and her opposition thereto (if any). In short, McClain has not overcome the presumption of correctness of the trial court's order because she has not provided an adequate record. (*Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1320–1321.)

McClain's opening brief is no better. The "argument" section contains a generic discussion of the law governing Code of Civil Procedure section 473, but no analysis as to how that statute applies here and why it compels reversal of a trial court order sustaining a demurrer without leave to amend. "[F]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.) And, she utterly fails to explain why and how a writ of mandamus should issue for the trial court's denial of leave to amend.

Because McClain did not meet her burden on appeal, the judgment is affirmed.

## DISPOSITION

The order and judgment are affirmed. Respondents are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
              ASHMANN-GERST

We concur:


_____, P. J.     _____, J.*
       BOREN                                 FERNS

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.