Filed 8/5/14  Marriage of Howard and Meeks CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Marriage of DARYL HOWARD and MONICA JO MEEKS.<br><br>_____<br><br>DARYL HOWARD MEEKS,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>MONICA JO MEEKS,<br><br>     Defendant and Respondent. | B250646<br><br>(Los Angeles County<br>Super. Ct. No. BD060937) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Patrick A. Cathcart, Judge.  Affirmed.

        Daryl Howard Meeks, in pro. per, for Plaintiff and Appellant.

        Monica Jo Meeks, in pro. per, for Defendant and Respondent.

_____

In a confusing and largely unintelligible brief, plaintiff and appellant Daryl Howard Meeks (Daryl)[1] appeals from a trial court order following a judgment of dissolution of marriage. He seems to contend that the trial court erred in its award of a portion of Daryl's pension/retirement plan to Monica Jo Meeks (Monica).

Because Daryl did not meet his burden on appeal, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Daryl and Monica were married. According to the judgment, entered April 1, 1993, their marital status ended on October 19, 1992. Also according to the terms of the judgment, Monica was entitled to a portion of Daryl's retirement benefits.

Although not explained in the appellate record, something prompted Daryl to file a request for an order of modification on June 17, 2013.[2] The trial court heard evidence and, on July 17, 2013, denied his request.

This timely appeal ensued.

## DISCUSSION

The major problem with Daryl's appeal lies in his opening brief. As another court observed in describing a similarly inadequate brief, "[i]ndeed, this document is strongly reminiscent of those magazine puzzles of yesteryear where the reader was challenged to 'guess what is wrong with this picture.'" (*People v. Dougherty* (1982) 138 Cal.App.3d 278, 280.)

It seems that Daryl is arguing that the judgment is vague. But, he offers no legal authority in support of this assertion. Daryl also appears to be claiming that all of his

---

[1] For convenience, we refer to the parties by their first names. (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475–476, fn. 1.)

[2] Daryl purports to explain what occurred in his appellate brief. But, he offers no admissible evidence or record citations. It is well-established that we do not consider evidence purportedly contained in the briefs. (*Westoil Terminals Co., Inc. v. Industrial Indemnity Co.* (2003) 110 Cal.App.4th 139, 152.)

earnings and accumulations after the date of separation are his separate property; in other words, the community interest in his pension is limited to the time of marriage. But, he offers no evidence as to the amounts of his gross monthly allowance, either during the marriage or after. While he claims that the assessment of his gross monthly allowance as $8,091.66 is wrong and that it actually was $5,729, he offers no evidence or record citations to support his assertion.

An appellate court presumes that the judgment appealed from is correct. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) We adopt all intendments and inferences to affirm the judgment unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.) An appellant has the burden of overcoming the presumption of correctness, and we decline to consider the issues raised in plaintiff's opening brief that are not properly presented or sufficiently developed to be cognizable, and we treat them as waived. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19; *In re David L.* (1991) 234 Cal.App.3d 1655, 1661; *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546.) A party's election to act in propria persona on appeal does not entitle him to any leniency as to the rules of practice and procedure; otherwise, ignorance unjustly is rewarded. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Lombardi v. Citizens Nat. Trust Etc. Bank* (1955) 137 Cal.App.2d 206, 208–209.)

Daryl does not provide us with the basic information that we need to determine whether the trial court erred. The appellate record consists solely of a case summary, a copy of the judgment, notice of entry of judgment, a copy of the minute order denying Daryl's request for an order of modification, and the notice of appeal. While he claims that he filed a motion for modification of the original judgment and new qualified domestic relations order, no such documents are a part of the appellate record. (*Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1320–1321.) In fact, as set forth above, many assertions are made without reference to law or the appellate record. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [appellant bears the burden of

supporting a point with reasoned argument]; *County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591 [appellant must present argument on each point made]; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [appellate court is not required to make an independent, unassisted search of the appellate record].)  We therefore conclude that the trial court did not err in denying Daryl's request to modify the judgment.

## DISPOSITION

The order is affirmed.  Monica is entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
    ASHMANN-GERST


We concur:



_____, J.
  CHAVEZ



_____, J.*
  FERNS


_____

\*   Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4