Filed 2/3/15  U.S. Affiliated v. Davis CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| U.S. AFFILIATED, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>JAMES STEVEN DAVIS,<br><br>      Defendant, Cross-complainant and Appellant;<br><br>ROBERT J. CULLEN et al.,<br><br>      Defendants, Cross-defendants and Respondents. | B255250<br><br>(Los Angeles County<br>Super. Ct. No. KC061317) |

APPEAL from a judgment and order of the Superior Court of Los Angeles County.  R. Bruce Minto and Robert A. Dukes, Judges.  Affirmed.

James Steven Davis, in pro. per., for Defendant, Cross-complainant and Appellant.

Robert J. Cullen and Teresa Cullen, in pro. per., for Defendants, Cross-defendants and Respondents.

_____

James Steven Davis[1] (James) purports to appeal from a default judgment and a motion to set aside the default judgment after trial. His appellate briefs are confusing and largely unintelligible. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

To put this case in context, we offer the following summary of the facts, taken from the trial court's judgment after trial issued on August 12, 2013.[2]

There was some sort of lawsuit over a prior judgment and satisfaction of that judgment involving A-United, Inc. doing business as A-United Financial (A-United), U.S. Affiliated, Inc., James, Brenda Davis (Brenda), and Robert J. and Teresa Cullen (the Cullens).[3] Trial occurred on August 12, 2013; only A-United and the Cullens appeared. James and Brenda did not appear; the judgment notes that Brenda's default had been previously entered.

The trial court found A-United to be the valid assignee of an August 22, 2003, judgment entered in favor of Brenda, and an August 27, 2003, judgment entered in favor of James, both against the Cullens. A-United was therefore permitted to proceed with a judicial foreclosure of certain real property owned by the Cullens, subject to an applicable homestead exemption.

On January 13, 2014, James filed a motion to set aside the "trial default judgment." He argued that A-United had no legal standing; therefore, its judgment was

---

[1] For convenience, we refer to some parties by their first names. (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475–476, fn. 1.)

[2] In his reply brief, James objects to the exhibits attached as evidence to the respondents' brief. We issue our opinion in this matter without reference to those exhibits.

[3] On the judgment, A-United is a named defendant and cross-complainant; U.S. Affiliated, Inc., is identified as the plaintiff; the Davises and the Cullens are all identified as defendants and cross-defendants.

void. It seems that A-United filed an opposition, but it is not part of the appellate record. James also filed a reply brief.

On March 19, 2014, the trial court denied James's motion "for the reasons raised in the opposition." The trial court also found that James "failed to show either diligence in seeking to set aside the judgment, or that his failure to appear was because of any mistake, inadvertence, surprise or excusable neglect."

James's timely appeal from a "default judgment" and a "motion to set aside default judgment after trial" ensued.

## DISCUSSION

The major problem with James's appeal lies in his opening brief. As another court observed in describing a similarly inadequate brief, "[i]ndeed, this document is strongly reminiscent of those magazine puzzles of yesteryear where the reader was challenged to 'guess what is wrong with this picture.'" (*People v. Dougherty* (1982) 138 Cal.App.3d 278, 280.)

James seems to argue that A-United lacked standing to appear in this action because Brenda's assignment to A-United was somehow invalid. But James does not explain how A-United lacked standing. While James asserts that Brenda could revoke A-United's standing at any time, he offers no legal authority or record citations in support. It follows that this argument is forfeited on appeal. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [appellant bears the burden of supporting a point with reasoned argument]; *County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591 [appellant must present argument on each point made]; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [appellate court is not required to make an independent, unassisted search of the appellate record].)

The appellate record contains a copy of a January 23, 2012, order signed by Commissioner Barkley that indicates that the Davises "legally discharged A-United." But we have no idea what the significance of this document is. Is it because of this order that A-United lacked standing? James never says.

3

To the extent James claims that the judgment must be set aside because he was "involuntarily prevented from attending the trial," we cannot agree. James offers no evidence or citations to the record in support of his assertion that he was *prevented* from attending the trial.

An appellate court presumes that the judgment appealed from is correct. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) We adopt all intendments and inferences to affirm the judgment unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.) An appellant has the burden of overcoming the presumption of correctness, and we decline to consider the issues raised in plaintiff's opening brief that are not properly presented or sufficiently developed to be cognizable, and we treat them as waived. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19; *In re David L.* (1991) 234 Cal.App.3d 1655, 1661; *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546.) A party's election to act in propria persona on appeal does not entitle him to any leniency as to the rules of practice and procedure; otherwise, ignorance unjustly is rewarded. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Lombardi v. Citizens Nat. Trust Etc. Bank* (1955) 137 Cal.App.2d 206, 208–209.)

Making matters worse, James does not provide us with the basic information that we need to determine whether the trial court erred. The appellate record consists solely of a case summary, a copy of the August 12, 2013, judgment, his moving papers seeking to set aside the judgment (but no copy of the opposition that was apparently filed), a copy of the trial court's order denying his posttrial motion, and the notice of appeal. James has not overcome the presumption of the correctness of the trial court's judgment because he has not presented an adequate record. (*Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1320–1321.)

**DISPOSITION**

The judgment and order are affirmed. The Cullens are entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
      ASHMANN-GERST

We concur:

_____, P. J.
      BOREN

_____, J.
      HOFFSTADT