Filed 9/1/15  Fortson v. Los Angeles Unified School Dist. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SYLVIA FORTSON,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT et al.,<br><br>　　　Defendants and Respondents. | B248006<br><br>(Los Angeles County<br>Super. Ct. No. BC487400) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Barbara Ann Meiers, Judge.  Affirmed.

Sylvia Fortson, in pro. per., for Plaintiff and Appellant.

Alexander Molina and Charlie L. Hill for Defendants and Respondents.

_____

Plaintiff and appellant Sylvia Fortson (Fortson) appeals the judgment entered following the trial court's order sustaining the demurrer brought to her complaint by defendants and respondents Los Angeles Unified School District and Ken Martinez (defendants). For both procedural and substantive reasons, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 29, 2012, Fortson filed a wrongful termination complaint against defendants. Defendants demurred, arguing that, inter alia, Fortson failed to allege statutory liability and Fortson failed to allege compliance with the Tort Claims Act and the Fair Employment and Housing Act (FEHA). It seems that Fortson filed an opposition to the demurrer, although it is not part of the appellate record. Defendants responded to her opposition with a reply.

After entertaining oral argument, the trial court sustained the demurrer without leave to amend on the grounds that Fortson admitted that she never filed a claim as required by the Tort Claims Act and FEHA. On its own motion, the trial court set a hearing under Code of Civil Procedure section 438 to "consider a judgment on the pleadings as to the rest of the case." When it received no opposition from Fortson, a judgment on the pleadings was rendered in favor of defendants.

Judgment was entered, and this timely appeal ensued.

## DISCUSSION

In addressing an appeal, we begin with the presumption that a judgment or order of the trial court is presumed correct, and reversible error must be affirmatively shown. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant must "present argument and authority on each point made" (*County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591; Cal. Rules of Court, rule 8.204(a)(1)(B)) and cite to the record to direct the reviewing court to the pertinent evidence or other matters in the record that demonstrate reversible error (Cal. Rules of Court, rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115). It is not our responsibility to comb the appellate record for facts, or to conduct legal research in search of authority, to support the contentions on appeal. (*Del Real v.*

2

*City of Riverside* (2002) 95 Cal.App.4th 761, 768.)  If the appellant fails to cite to the record or relevant authority, we may treat the issue as waived.  (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546.)

Moreover, Fortson's election to act as her own attorney on appeal does not entitle her to any leniency as to the rules of practice and procedure; otherwise, ignorance is unjustly rewarded.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Lombardi v. Citizens Nat. Trust Etc. Bank* (1955) 137 Cal.App.2d 206, 208–209; *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Quite simply, Fortson did not meet her burden on appeal.  Most significantly, her opening brief fails to contain any citations to the appellate record.  On this ground alone, we could affirm the judgment.  Setting that procedural obstacle aside, we conclude that the trial court rightly determined that Fortson could not maintain her lawsuit because she failed to file the requisite claims under the Tort Claims Act (Gov. Code, §§ 905, 945.4) and FEHA (Gov. Code, § 12960), and failed to obtain a notice of right to sue from the Department of Fair Employment and Housing (Gov. Code, § 12965, subd. (b)).

## DISPOSITION

The judgment is affirmed.  Defendants are entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, Acting P. J.
ASHMANN-GERST

We concur:

_____, J.    _____, J.
CHAVEZ                                              HOFFSTADT

3