Filed 8/26/16  Hayes v. the Regents of the University of California CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ELBERT HAYES,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendant and Respondent. | D068670<br><br><br><br>(Super. Ct. No. 37-2013-00071444-CU-CR-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County,

Joan M. Lewis, Judge.  Affirmed.

Elbert Hayes, in pro. per., for Plaintiff and Appellant.

Brown Law Group, Janice P. Brown, Stacy L. Fode and Noah J. Woods for

Defendant and Respondent.

I.

INTRODUCTION

Plaintiff Elbert Hayes, appearing in propria persona, appeals a judgment of dismissal following the trial court's sustaining, without leave to amend, a demurrer filed by defendant, The Regents of the University of California.

Because Hayes has not met his burden as the appellant to demonstrate reversible error, we affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND

As of February 23, 2015, defendant had a demurrer pending with respect to the operative complaint filed by Hayes in this action. The hearing date for that demurrer was May 15, 2015.[1] Despite the pending demurrer, on February 23, Hayes filed an amended complaint in which he alleged three causes of action against defendant arising from claims related to Hayes's former employment with defendant.[2]

At a case management conference held on March 13, 2015, the trial court informed Hayes that he had to serve defendant with his recently-filed amended complaint. Defendant had indicated that upon service of the amended complaint,

---

[1] Although Hayes asserts in briefing that he filed a complaint against defendant on October 15, 2013, the appellate record does not contain this complaint, nor any other document that could confirm this information.

[2] Hayes did not include the amended complaint in the record on appeal, nor did he include any of defendant's motion papers with respect to the demurrer to that complaint. Defendant moved to augment the record with (1) defendant's notice of plaintiff's nonopposition to defendant's demurrer and (2) the transcript from a case management conference. This court granted defendant's motion to augment the record.

2

defendant intended to file a demurrer to the amended pleading. The court advised Hayes that after he served defendant with the amended pleading and defendant filed its demurrer to that pleading, Hayes would have the opportunity to file a written opposition to defendant's demurrer.

Defendant thereafter filed a demurrer to Hayes's amended pleading. The court apparently permitted defendant to retain the May 15, 2015 hearing date for the demurrer to the amended complaint. Hayes did not file a written opposition to defendant's latest demurrer within the time limits set forth in section 1005(b) of the Code of Civil Procedure, and defendant filed a notice of nonopposition. The notice of nonopposition was served on Hayes a week prior to the May 15 hearing date. Hayes never filed any opposition to the demurrer to his amended complaint.

On May 15, the trial court held a hearing on defendant's demurrer to the operative complaint. Hayes was present at the hearing and was given the opportunity to present oral argument in opposition to the demurrer. At the conclusion of the hearing, the trial court affirmed its tentative ruling to sustain defendant's demurrer to the amended complaint, in full, without leave to amend. The trial court determined that Hayes had failed to allege sufficient facts to demonstrate that he had exhausted his administrative remedies with respect to the first two causes of action, and with respect to the third cause of action for wrongful termination in violation of public policy, Hayes could not set forth a claim against defendant because defendant is immune from liability for such a cause of action.

The trial court entered a judgment of dismissal on June 11, 2015. Hayes filed a timely notice of appeal.

III.

DISCUSSION

Hayes's opening brief on appeal is confusing and, for the most part, unintelligible. However, Hayes appears to challenge the trial court's sustaining of defendant's demurrer without granting him further leave to amend the operative complaint.

" 'A demurrer tests the legal sufficiency of the complaint, and the granting of leave to amend involves the trial court's discretion. Therefore, an appellate court employs two separate standards of review on appeal. [Citations.] [¶] The complaint is reviewed de novo to determine whether it contains sufficient facts to state a cause of action. [Citation.] The properly pleaded material factual allegations, together with facts that may be properly judicially noticed, are accepted as true. Reversible error exists if facts were alleged showing entitlement to relief under any possible legal theory.' " (*Lee v. Los Angeles County* (2003) 107 Cal.App.4th 848, 853-854 (*Lee*), italics omitted.)

" 'Where a demurrer is sustained without leave to amend, the reviewing court must determine whether the trial court abused its discretion in doing so. [Citation.] It is an abuse of discretion to deny leave to amend if there is a reasonable possibility that the pleading can be cured by amendment. [Citation.] Regardless of whether a request therefore was made, unless the complaint shows on its face that it is incapable of amendment, denial of leave to amend constitutes an abuse of discretion. [Citation.] *The burden is on the plaintiff to demonstrate how he or she can amend the complaint. . . .*

4

Plaintiff can make this showing in the first instance to the appellate court.' " (*Lee*, *supra*, 107 Cal.App.4th at p. 854 (original italics omitted, new italics added).)

An appellate court presumes that the judgment from which an appeal is taken is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) We adopt all intendments and inferences to affirm the judgment unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.) The appellant has the burden of overcoming the presumption of correctness, even when the appellate court is required to conduct a de novo review. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6.) Further, an appellant's election to act as his or her own attorney does not entitle him or her to any leniency as to the rules of practice and procedure. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985 (*Rappleyea*); *Lombardi v. Citizens Nat. Trust etc. Bank* (1955) 137 Cal.App.2d 206, 208-209.)

Hayes's argument on appeal is difficult to understand. For example, one heading Hayes provides in his brief consists of the following:

> "THE PLAINTIFF (ELBERT HAYES) WAS CALL TO HUMAN RESOURCES TO SIGN A LAST CHANCE AGREEMENT TO KEEP HIS JOB. AT THE TIME OF SIGNING I WAS TEMPORARY TOTAL DISABLE BY DEFENDANTS DOCTORS FROM A WORK INJURY SUBSTAIN ON APRIL 15, 2011 TO HIS RIGHT SHOULDER. PLAINTIFF (ELBERT HAYES) SIGNED IN THE LAST CHANCE AGREEMENT IN DISAGREEMENT."

In another portion of his brief, Hayes states, "I knew I would make mistake, but the mistake should be grounds for dismissal when you proof of facts." Elsewhere, Hayes states, "The Plaintiff (Elbert Hayes) prays and ask for the mercy in allowing the case to

5

be sent back to Superior Court, so the Plaintiff can make a motion to withdraw the amendment complaint filed February 23, 2015, so that justice and the truth can be establish between the two parties." The remainder of the brief contains similar statements.

Although we are sympathetic to the difficulties that self-represented litigants often face in attempting to navigate the intricacies of the legal system, our legal standards require that we apply the rules of practice and procedure equally to self-represented litigants and represented litigants alike. (See *Rappleyea*, *supra*, 8 Cal.4th at pp. 984-985 [a party's election to act as his own attorney does not entitle him to lenience as to the rules of practice and procedure].) Not only has Hayes failed to set forth any cogent legal argument as to how the trial court's sustaining of the demurrer was erroneous and/or why the court's denial of leave to amend was an abuse of discretion, but he has not provided this court with a sufficient record to permit us to assess the correctness of the trial court's ruling.

We conclude that Hayes has failed to meet his burden to demonstrate, either in the trial court or on appeal, that the trial court erred in sustaining the demurrer to his amended complaint, or that the defects identified by the trial court can be cured. We therefore further conclude that the trial court did not abuse its discretion in sustaining defendant's demurrer without leave to amend.

IV.

DISPOSITION

The judgment of the trial court is affirmed.


AARON, J.

WE CONCUR:

McDONALD, Acting P. J.

O'ROURKE, J.

7