# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO J.P.D., A MINOR.

No. 71104

JONDREW M.L.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT OF FAMILY SERVICES,
Respondent.

FILED

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

IN THE MATTER OF THE PARENTAL RIGHTS AS TO L.-M.Z.L.; D.N.A.L.; A.M.L.; G.K.L.; AND R.R.L., MINORS.

No. 71105

JONDREW M.L.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT OF FAMILY SERVICES; L.-M.Z.L.; D. N.A.L.; A.M.L.; G.K.L.; AND R.R.L., Respondents.

## ORDER OF AFFIRMANCE

These are consolidated pro se appeals from district court orders terminating appellant's parental rights as to six minor child. Eighth Judicial District Court, Family Court Division, Clark County; Frank P. Sullivan, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include neglect, parental unfitness, risk of serious injury to the child if the child is returned to the

18-10329

parent's care, and conduct by the parent that was a basis for a finding made pursuant to NRS 432B.393(3). NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev. 914, 918, 337 P.3d 758, 761 (2014).

Appellant argues that after he fired his court-appointed attorney and chose to represent himself, his due process rights were violated because he was not treated equally as a pro se party as the court would not issue subpoenas he submitted in the wrong form and he was not informed of certain procedural rules.[1] The record does not support appellant's arguments and regardless, because pro se parties are required to comply with the same rules as a represented party, NRCP 16.2(g) (2013) (providing that pro se litigants must comply with discovery requirements including timely disclosing potential witnesses); *see Lombardi v. Citizens Nat'l Tr. & Savings Bank of L.A.*, 289 P.2d 823, 824 (Cal. Dist. Ct. App. 1955), we conclude appellant's argument lacks merit. Appellant also claims reversible error because respondent did not call all the witnesses it had disclosed in its pretrial witness disclosures, but that argument lacks merit because respondent was not required to call every potential witness it disclosed. Further, to the extent appellant claims the Indian Child Welfare Act (ICWA) applied to these matters, the record does not support that claim as appellant never provided sufficient evidence for a reasonable person of ordinary intelligence to infer that the children were Indian children, *see*

---

[1]To the extent appellant is arguing that the district court abused its discretion in denying his request to continue the trial to obtain expert witnesses, we disagree. NRCP 16.2(b)(4)(A) and (g) (2013); *In re Parental Rights as to M.M.L.*, 133 Nev., Adv. Op. 21, 393 P.3d 1079, 1081 (2017) (noting that trial continuances are within the district court's discretion).

*State ex rel. M.J.*, 266 P.3d 850, 857-58 (Utah Ct. App. 2011), and no Indian tribe has since claimed the children. Lastly, to the extent that appellant argues that these matters were erroneously heard together, the record demonstrates that the district court considered the matters separately.

Next, we conclude that substantial evidence supports the district court's findings in Docket No. 71104 that reasonable efforts were waived under NRS 432B.393(3), the child was neglected, appellant is an unfit parent, and appellant poses a serious risk of injury to the child if the child is returned to his care, and substantial evidence supports the district court's findings in Docket No. 71105 that appellant is an unfit parent and he poses a serious risk of injury to the children if they are returned to his care.[2] *See* NRS 128.105(1)(b); NRS 128.014(1) (explaining that a child is neglected when the child lacks "proper parental care by reason of the fault or habits of his or her parent"); NRS 128.018 (providing that a parent is unfit when "by reason of the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support"). Reasonable efforts were waived under NRS 432B.393(3) as to the child in Docket No. 71104, in part, because appellant had sexually abused the child's mother, his girlfriend's 16-year-old daughter, and that abuse led to the birth of the child at issue in that case, J.P.D. The five subject children in Docket No. 71105 are children he had with his girlfriend, the mother of the teenage girl.

In order to hide his sexual abuse, he left the pregnant teenage girl, along with the children's three-year-old sister who suffered from a

---

[2]While appellant does not clearly challenge the district court's findings regarding parental fault and best interest, we address those findings to the extent his challenges could be construed as such.

breathing condition and required daily medication and periodic breathing treatments, in Nevada while the rest of the family relocated to California. Thereafter, J.P.D. was born. Appellant failed to provide adequate care for the teenage girl, J.P.D., or the three-year-old. The three-year-old died as a result of a lack of medical care. Appellant prevented the teenage girl from seeking help, and instead, directed the teenage girl to place the three-year-old's body in a bag, and then required her and J.P.D. to remain in the home with the body for a month until he arrived and forced the teenage girl to help him conceal the body. When his girlfriend returned to Nevada he sent the teenage girl and J.P.D. to live on the streets so his girlfriend would not detect his sexual abuse of the teenage girl. As a result of his failure to provide adequate care to J.P.D., specifically his failure to provide J.P.D. with formula and his direction to the teenage girl that she should give the infant watered-down formula, J.P.D. suffered seizures and stopped breathing for a period of time. Thus, the district court did not err in finding by clear and convincing evidence that reasonable efforts were waived under NRS 432B.393(3) in Docket No. 71104, J.P.D. was neglected, appellant is an unfit parent, or appellant poses a serious risk of injury to all the children if they are returned to his care.[3]

Additionally, we conclude that substantial evidence supports the findings that termination of appellant's parental rights is in the children's best interest. *In re Parental Rights as to N.J.*, 116 Nev. at 800, 8 P.3d at 132-22 (observing that under NRS 128.005, the child's continuing

---

[3]Because only one ground of parental fault is required to support the termination of parental rights, *see* NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), it is unnecessary for us to review the district court's other findings of parental fault.

need for "proper physical, mental and emotional growth and development" are decisive considerations in determining the child's best interest in termination of parental rights proceedings). The record demonstrates that J.P.D. is thriving in the care of her mother and that the mother will benefit, and therefore the child will benefit, by not having to coparent with her abuser. Further, the record demonstrates that the children in Docket No. 71105 are thriving in their potential adoptive home, have been able to remain together, and have been able to maintain a relationship with the teenage girl and J.P.D. For the reasons set forth above, we

ORDER the judgments of the district court AFFIRMED.[4]

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Frank P. Sullivan, District Judge, Family Court Division
Jondrew M.L.
Legal Aid Center of Southern Nevada, Inc.
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk

[4]We have reviewed the pro se document filed on February 22, 2018, and we conclude that no action is necessary in regard to that document.