Filed 10/25/22 Marriage of Gibson CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re the Marriage of JAMES and KARRIE GIBSON. | B307240 |
| | (Los Angeles County Super. Ct. No. 17PSFL00745) |
| JAMES GIBSON, III, | |
| Respondent, | |
| v. | |
| KARRIE GIBSON, | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce G. Iwasaki, Judge.  Affirmed.

Cliff Dean Schneider, for Appellant.

Law Offices of Michael Labrum and Michael Labrum, for Respondent.

_____

## INTRODUCTION

This appeal is from a judgment dissolving the marriage between appellant Karrie Gibson and respondent James Gibson.  In the proceedings below, appellant represented herself.  Based on her pretrial misconduct the trial court deemed appellant a vexatious litigant and imposed evidence preclusion sanctions.  At trial, respondent was the sole witness.  Appellant questioned respondent on cross-examination and recross-examination.  The court ended each examination after appellant persisted, in the face of repeated admonitions, in asking irrelevant questions.  On appeal, appellant (now represented by counsel) contends the court abused its discretion in allowing her inadequate time for cross-examination.  We conclude: (1) appellant has forfeited her contention by failing to support it with reasoned analysis and citations to relevant portions of the record; and (2) on the merits, appellant has failed to show the court abused its discretion in declining to allow additional time for cross-examination.  Accordingly, we affirm.

## BACKGROUND
### A. Appellant's Pretrial Misconduct

In September 2017, respondent filed a petition for dissolution of the parties' marriage.  Appellant, proceeding

in propria persona, requested and received a temporary award of spousal support pending trial. Appellant also received an award of $5,000 for the purpose of retaining counsel, but never did so.

In June 2019, the trial court (Judge Sarah J. Heidel) ordered appellant to pay approximately $1,500 in respondent's attorney fees and costs as discovery sanctions, finding appellant had acted with the "specific intent to delay the proceedings." The court scheduled a trial readiness conference, at which appellant failed to appear. In October 2019, the court (Judge Lawrence P. Riff) issued an order for appellant to show cause why the court should not impose evidence preclusion sanctions against her. That same month, respondent filed a motion for orders deeming appellant a vexatious litigant and requiring her to obtain judicial permission before filing new litigation in propria persona, under Code of Civil Procedure sections 391, subdivision (b)(3), and 391.7.

In January 2020, after a hearing on its order to show cause, the court ordered that due to appellant's noncompliance with pretrial and trial readiness orders, appellant would be precluded at trial from calling witnesses, moving exhibits into evidence, and testifying on financial issues. In February 2020, after a hearing on respondent's vexatious litigant motion, the court (Judge Heidel) granted the motion and issued a prefiling order. The court found appellant was a vexatious litigant because she had: (1) filed 10 unmeritorious motions; (2) failed to appear at several

hearings on her own motions; (3) acted in discovery with the intent to delay; (4) failed to use her $5,000 award for the purpose it was made, viz., to retain counsel; and (5) admitted to respondent that she intended to force him to incur excessive attorney fees.

### B. Trial

In March 2020, the court (Judge Bruce G. Iwasaki) presided over a two-day bench trial. Respondent was the sole witness. On direct examination, respondent testified primarily about facts relevant to four disputed issues: (1) the proper division of the parties' community property and debts; (2) whether appellant's temporary award of spousal support should be terminated; (3) whether appellant should be ordered to reimburse respondent for various payments he had made to the community from his separate property; and (4) whether appellant should be ordered to pay a share of respondent's attorney fees as sanctions for her vexatious litigation conduct (in addition to the fees previously ordered as discovery sanctions, which remained unpaid).

On the second day of trial, appellant cross-examined respondent. The court sustained relevance objections to many of appellant's questions.[1] The court repeatedly admonished appellant to ask relevant questions, specified relevant topics, and advised her that it would end her cross-

---

[1] These included: "Am I a liar?" "Are you a liar?" and "Why did you date and ultimately marry me?"

4

examination if she persisted in asking irrelevant questions. After appellant received an answer to another question, the court observed that appellant was "mouthing something to the witness" and admonished her that it would end her cross-examination if she persisted in such misconduct. When appellant responded by arguing that she had been "maligned," the court ended her cross-examination. The court assured appellant she would be allowed to ask additional, appropriate questions on recross-examination.

Following redirect examination, appellant conducted recross. Appellant received answers to over 30 questions (some rephrased by the court in a manner she confirmed to be accurate). The court sustained objections to appellant's other questions, most frequently on relevance grounds. Again, the court repeatedly told appellant that it would end her examination if she persisted in asking irrelevant questions. When appellant protested the court's sustaining of another relevance objection, the court ended the examination. Appellant then exited the courtroom; although the court repeatedly asked her to stay and advised her that trial would proceed in her absence, she responded only by expressing an intent to sue the court for racial discrimination and "shouting at the court" from the courtroom entrance.[2]

---

[2] Appellant cites no support in the record for her assertions that she was allowed only 20 minutes for recross-examination. Appellant began her cross-examination at 9:10 a.m. and exited
*(Fn. is continued on the next page.)*

The court conducted its own examination of respondent, after which respondent rested his case. The court announced its findings and ordered respondent to submit a proposed judgment. Respondent submitted a proposed judgment, to which appellant filed no objection. The court entered the proposed judgment of dissolution. The judgment contained detailed findings concerning the disputed issues addressed in respondent's testimony, viz., division of the parties' community property and debt, spousal support, respondent's requested reimbursements, and respondent's requested award of attorney fees. Appellant timely appealed.

## DISCUSSION

Appellant contends the trial court abused its discretion in allowing her inadequate time for cross-examination of respondent. As this court has long recognized: "'A trial court has a clear duty to supervise the conduct of the trial to the end that it may not be unduly protracted and that other litigants too may have their day in court. In carrying out this duty the court may confine cross-examination within reasonable limits and may curtail cross-examination which relates to matters already covered, or which are irrelevant. These are matters clearly within the court's discretion and

_____

the courtroom (immediately after recross) one hour and 35 minutes later, at 10:45 a.m. The record does not disclose the precise duration of cross- and recross-examination.

only a manifest abuse thereof will require a reversal.'" (*Dollinger v. San Gabriel Lanes* (1962) 205 Cal.App.2d 705, 710-711; see also *People v. Elliott* (2012) 53 Cal.4th 535, 579 [in capital murder case, notwithstanding defendant's constitutional right to confront witnesses, "'"the trial court retains wide latitude in restricting cross-examination that is repetitive, prejudicial, confusing of the issues, or of marginal relevance"'"].)

We conclude appellant has forfeited her challenge to the trial court's exercise of discretion by failing to support her contention with reasoned analysis and citations to relevant portions of the record. (See *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 ["'[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record"].) Appellant cites none of respondent's testimony on direct examination. She cites no question she asked respondent in the time allowed for cross- and recross-examination, and no answer he provided. She suggests no additional question she might have asked if allowed more time. She cites no finding by the court to which such an additional question might have been relevant. In short, she does not explain why her time for cross-examination was assertedly inadequate, much less how this inadequacy is reflected in the record. It is not this court's duty to scour the record unguided or to develop appellant's argument for her. (See *ibid.* ["We may and do 'disregard conclusory arguments that are not supported by pertinent

legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt'"]; *WFG National Title Insurance Company v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 ["Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record"].) Accordingly, we conclude that by filing a deficient appellate brief, appellant has forfeited her challenge to the court's exercise of discretion.

We further conclude appellant has failed to show, on the merits, that the court abused its discretion in declining to allow her additional time for cross-examination. Appellant concedes the court demonstrated patience with her on recross, during which it assisted her in rephrasing several questions. During the time allowed for recross alone, appellant received answers to over 30 questions. Appellant does not dispute that her other questions were irrelevant or otherwise improper, as determined by the court in its unchallenged evidentiary rulings. The court ended appellant's time for cross-examination only after appellant persisted, in the face of repeated admonitions, in asking irrelevant questions. Appellant's conduct reasonably could have led the court to determine that allowing additional time for cross-examination would yield no material evidence. Appellant identifies nothing in the record to support a contrary expectation. This failure is fatal to her claim that the court abused its discretion. (See *Kelly-Zurian v. Wohl*

*Shoe Co.* (1994) 22 Cal.App.4th 397, 412 [trial court acted within its discretion in limiting time for cross-examination, where appellant "fail[ed] to specify on which issues the cross-examination was inadequate"]; *Dollinger v. San Gabriel Lanes, supra,* 205 Cal.App.2d at 710 [trial court acted within its discretion in sustaining objections to questions posed on cross-examination, where "it [wa]s not shown how the questions asked would establish any relevant or material evidence"].)[3] In sum, we conclude that in addition to

_____

[3] The cases cited by appellant do not assist her. Several upheld limitations on cross-examination or other means of presenting evidence. (See *Kelly-Zurian v. Wohl Shoe Co., supra,* 22 Cal.App.4th at 412; *Rosenthal v. Rosenthal* (1961) 197 Cal.App.2d 289, 302-305 [trial court acted within its discretion in limiting time for attorney fee hearing over party's objection that he desired additional time to present evidence]; *Gantner v. Gantner* (1952) 39 Cal.2d 272, 278-279 [trial court exhibited no bias at child custody hearing in rejecting party's proffered document and question to witness, where "nothing more [wa]s shown than that the trial judge refused to allow [party] to develop immaterial matters"].) Another undermines appellant's suggestion that she was entitled to additional time merely because she was proceeding in propria persona. (See *Lombardi v. Citizens National Trust & Savings Bank of Los Angeles* (1955) 137 Cal.App.2d 206, 207-210 [trial court properly declined to explain to self-represented plaintiff how to lay foundation for document, even though plaintiff's failure to do so resulted in granting of defense motion for nonsuit].) Finally, appellant's remaining cases are inapposite, as they concerned absent witnesses who were not subject to *any* cross-examination. (See *Pointer v. Texas* (1965) 380 U.S. 400, 406-408 [criminal defendant's confrontation rights were violated at trial by
*(Fn. is continued on the next page.)*

9

forfeiting her contention by filing a deficient appellate brief, appellant has failed to show the court abused its discretion in declining to allow her additional time for cross-examination.[4]

---

admission of victim's preliminary hearing testimony in lieu of calling victim as witness]; *Greene v. McElroy* (1959) 360 U.S. 474, 475-499, 508 [federal agency improperly revoked plaintiff's security clearance on basis of statements from individuals who were neither identified nor called as witnesses].)

[4] We need not address respondent's argument that appellant forfeited her objection on appeal by failing to raise it in the trial court.

**DISPOSITION**

The judgment is affirmed. Respondent is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

COLLINS, J.

11