Filed 8/19/22 Vi-Geant v. Reynolds CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| JULIE VI-GEANT, | |
| Plaintiff and Appellant, | C093715 |
| v. | (Super. Ct. No. 20CV02427) |
| JAMES REYNOLDS, | |
| Defendant and Respondent. | |

Plaintiff Julie Vi-Geant filed a request for a civil harassment restraining order against defendant James Reynolds. After a court trial, the trial court denied Vi-Geant's request and ordered her to pay Reynolds's attorney's fees and costs. Vi-Geant appeals, arguing she was entitled to an order granting her request for a civil harassment restraining order and should not be required to pay Reynolds's attorney's fees and costs.[1] Finding no error, we will affirm the trial court's orders.

---

[1] Reynolds did not file a brief on appeal.

1

PROCEDURAL BACKGROUND

Vi-Geant filed the request for a civil harassment restraining order under Code of Civil Procedure section 527.6.[2] She alleged a neighborhood dog was barking and Vi-Geant's dog barked back from inside the house. Reynolds, who is a neighbor, yelled from the middle of the street, "You keep that damn dog quiet or I'll . . . ." Apparently, the sentence was not finished. Vi-Geant alleged that this traumatized her because of a prior incident in which Reynolds was angry about dog waste that was left by a dog other than Vi-Geant's dog. In her request for orders, Vi-Geant asked the trial court to require Reynolds to have a psychiatric evaluation, pay for items she alleged were stolen from her backyard, and pay Sandra Pooley, the owner of the house where Vi-Geant lives, to install locks and a surveillance system. In support of her request for a civil harassment restraining order, Vi-Geant filed her own declaration and a declaration of Pooley, making further allegations against Reynolds.

Reynolds retained counsel and responded to the request for a civil harassment restraining order. He denied the allegations and requested $2,500 in attorney's fees. Reynolds also filed a declaration supporting his response.

At a court trial, Vi-Geant, Reynolds, and a neighbor testified. Upon submission of the case, the trial court ruled that Vi-Geant did not meet her burden of proof because she presented only speculation that Reynolds had engaged in any questionable conduct. The trial court found Reynolds to be the prevailing party, dismissed the action, and reserved jurisdiction over attorney's fees and costs.

Later, the trial court awarded $2,500 in attorney's fees and $94 in costs to Reynolds under section 526.7, subdivision (s).

_____

[2] Undesignated statutory references are to the Code of Civil Procedure.

After Vi-Geant filed a notice of appeal, she filed a proposed settled statement because there was no reporter's transcript.  The trial court rejected the proposed settled statement and filed its own corrected settled statement reflecting the testimony given at the court trial.

DISCUSSION

I

Vi-Geant contends she was wrongfully denied a civil harassment restraining order. We construe this as a contention that the evidence does not support the trial court's order denying Vi-Geant's request.[3]

Section 527.6, subdivision (a), allows "[a] person who has suffered harassment" to "seek a temporary restraining order and an order after hearing prohibiting harassment . . . ."  "If the judge finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment."  (§ 527.6, subd. (i).) Vi-Geant's contention is without merit because she fails to establish by citation to evidence in the record that she was harassed.

Appealed judgments and orders are presumed correct, and error must be affirmatively shown.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  An appellant is bound by rules of appellate procedure designed to facilitate our review of claims of reversible error.  For example, an appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  (Cal. Rules of Court, rule 8.204(a)(1)(C);  see *Pierotti v. Torian*

_____

[3] Vi-Geant represents herself, as she has a right to do.  (See *Gray v. Justice's Court* (1937) 18 Cal.App.2d 420, 423 [individuals may choose to represent themselves].)  The court must treat self-represented litigants the same as represented litigants.  (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)  All the same laws and rules of procedure apply equally to attorneys and to litigants representing themselves.  (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.)

(2000) 81 Cal.App.4th 17, 29.) Vi-Geant's brief contains many factual allegations, which we need not recount, but does not contain citations to the record supporting those allegations, which violates rule 8.204(a)(1)(C) of the California Rules of Court. We do not treat as factual any unsupported allegations by a party. (See *SCC Acquisitions, Inc. v. Central Pacific Bank* (2012) 207 Cal.App.4th 859, 863.) And we will not treat as facts those matters that the trial court found to be mere speculation, especially because Vi-Geant gives us no citation to evidence in the record that would contradict the trial court's findings. (See *People v. Cluff* (2001) 87 Cal.App.4th 991, 1002 [suspicion and speculation do not support reasonable inferences].) Furthermore, "[f]actual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102.) Because we must presume the order is correct and cannot credit unsupported factual allegations in her brief, Vi-Geant fails to establish she was wrongfully denied a civil harassment restraining order. (*Lonely Maiden Productions, LLC v. Golden Tree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384.)

II

Vi-Geant also contends the trial court improperly ordered her to pay Reynolds's attorney's fees and costs.

"The prevailing party in an action brought pursuant to [the civil harassment restraining order law] may be awarded court costs and attorney's fees, if any." (§ 527.6, subd. (s).) The trial court awarded attorney's fees and costs to Reynolds, the prevailing party.

On appeal, Vi-Geant claims this award unlawfully deprives her of her Social Security Supplemental Income benefits. But Vi-Geant has not cited us to any evidence that she receives Social Security Supplemental Income benefits. And she does not explain how the award, as opposed to any attempt to collect on the award, unlawfully

4

deprives her of such income. Vi-Geant also claims the award of attorney's fees and costs violates sections 703 and 704. But those are not valid code sections.

Further, Vi-Geant asserts the award of attorney's fees and costs violates *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), a case in which the appellate court concluded the trial court could not impose a restitution fine without a determination that the defendant had the ability to pay the fine. (*Id.* at p. 1172.) Vi-Geant, however, does not explain how *Dueñas*, which is a criminal case concerning criminal penalties, applies to a civil case. Vi-Geant's reliance on *Dueñas* is misplaced.

Vi-Geant fails to establish the trial court's award of attorney's fees and costs was unlawful.

DISPOSITION

The orders denying Vi-Geant's request for a civil harassment restraining order and awarding attorney's fees and costs are affirmed. The parties will bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


      /S/          

MAURO, J.

We concur:


     /S/       

HULL, Acting P. J.


     /S/       

KRAUSE, J.